JOSEPH BIGELOW & another *vs.* WILLIAM BALDWIN & others.

An assignment of property by a debtor to a trustee, for the benefit of creditors, is valid, as between the parties executing the assignment, notwithstanding *Sts.* 1836, *c.* 238, and 1838, *c.* 163.

By an indenture of assignment of three parts, between a debtor, trustees, and his creditors, the debtor conveyed real estate, described in deeds made at the same time, and also his stock in trade and other personal property, to the trustee, for the benefit of the creditors; and it was agreed that the trustee should hold the property two years, but that the debtor should remain in possession thereof, but not sell any part of it without the consent of the trustees; and the debtor agreed to pay a certain proportion of his debts within two years; and it was agreed that, if he should not so pay such proportion, the trustees should dispose of the property, and apply the proceeds to the payment of such proportion of the debts; and in either case any surplus should be returned to the debtor; and the creditors agreed to accept said proportion within two years from the debtor, or if such proportion should not be paid, that they would "receive these conveyances, and

the securit'es hereby given, in full satisfaction and discharge of their said claims;" and that upon the receipt of such proportion, or at the expiration of two years, if the debtor should fail to pay it, they would execute and deliver releases to the debtor, provided the trustee should perform every thing necessary to effect a sale of said property; and the creditors accepted said property and covenants in full satisfaction and discharge of their debts. *Held,* that this indenture effected an accord and satisfaction of the debts of the creditors who became parties thereto, and was a bar to actions on such debts; although the real estate conveyed was subject to incumbrances at the time of the conveyances, an｢ the covenants contained in the deeds thereof were thus broken.

SHAW, C. J. This is an action of contract, to recover the amount of several notes of hand, and the interest thereon, specified and described in an account annexed to the declaration.

The defendants, in their answer, rely upon a satisfaction and discharge of all the claims and causes of action, by force of an indenture of assignment of three parts, made after the dates of the notes, by which the defendants, who were partners in business, made conveyances of their stock in trade and other property, and entered into covenants with Griggs and others, trustees, for the benefit of the plaintiffs and other creditors; and the plaintiffs and other creditors, by force of said indenture, agreed to accept said conveyances to, and covenants with, the trustees for their use, in full satisfaction and discharge of their respective debts.

The replication of the plaintiffs denies that the indenture pleaded operates as a satisfaction or discharge of their claims, in fact or in law; and avers that the real estate, referred to in the indenture, as conveyed by the debtors to the trustees for the security of the plaintiffs and others, was, at the time of the conveyances, under incumbrance by attachment, and was afterwards set off on execution; and so the defendants have broken their covenants in the deeds referred to in the indenture, and therefore the indenture is not operative against the plaintiffs.

At the trial, evidence was offered by the plaintiffs, to show that the estate in question, at the time of the conveyance of the same to the trustees, was under various incumbrances; and on the other side, evidence was offered to show that the estate set off on execution had, by mesne conveyances, been afterwards conveyed to the trustees for the purposes of the assignment.

But we have not thought it necessary to state this evidence more particularly, because the court are of opinion that the decision of the present case does not depend upon it, but must be determined by the terms of the assignment, independently of the facts in question.

A question was raised, in its nature preliminary, whether the assignment in question was not void, under the insolvent law, and the provisions of *St.* 1836, *c.* 238, respecting assignments. In regard to this, it has repeatedly been decided, that such assignments are voidable only, not void. It could therefore be avoided only by a creditor, or other person, not a party to it. But in this case, no act has been done having any tendency to avoid it; and therefore the parties, including the plaintiffs, are bound by it. We will then proceed to consider its terms and effect.

The indenture is of a peculiar character. It purports to be a present conveyance of real and personal property; the real as described in conveyances made at the same time, and the personal as described in a schedule annexed; with covenants for further assurance. The trustees were to hold the property two years; but the assignors were to remain in possession and management of the property, but not to sell any part thereof without the consent of the trustees.

The first operation of this instrument was rather as a mortgage for the security of debts, than as a provision for their payment.

The debtors, who were dyers, stipulated to pay forty per cent. of their debts, in two annual instalments, and the creditors agreed to accept the forty per cent., if so paid, in full satisfaction; and in that case, the remaining assigned property was to be returned to the assignors. In case the forty per cent. should not be paid by the debtors in two years, then the assigned property, or such part of the same as should be then remaining saleable, was to be disposed of by the trustees, and the proceeds applied to the payment of the forty per cent., and the surplus, if any, restored to the debtors and assignors.

From the above clause, directing the trustees to sell the property, then remaining saleable, taken in connection with the

clause, before mentioned, that the debtors were to remain in pos-session and management of the property, and not to sell it with-out the consent of the trustees, it may be inferred, we think, that it was the expectation of the parties, that during the two years, the debtors were to make sale, at least of the personal property, and carry on their business, to enable them to raise and pay the forty per cent.

The stipulations on the part of the creditors are, that they will accept forty per cent. during the two years, from the debtors, or, if forty per cent. shall not be paid by the debtors, that " they will receive these conveyances, and the security hereby given, in full satisfaction and discharge of their said claims ; " that upon receipt of said forty per cent. they will execute and deliver to the debtors good and sufficient releases of their said debts, as also at the expiration of said two years, in case the debtors shall fail to pay forty per cent. at the expiration of that time, " provided said parties of the second part [the trustees] shall perform every thing necessary to effect a sale of said property." This clause is not quite intelligible, and seems to be an unne-cessary repetition. If the word " provided " here constitutes any condition at all, it seems to be a condition to the creditors' stip-ulation, to execute and deliver a release. It cannot be pre-sumed, unless upon some express words to that effect, that the debtors' right to a discharge should depend on the conduct of the trustees, who are as much the agents of the creditors as of the debtors, and who were bound to both. But construed most strictly, it was only a condition on which the creditors stipulated to execute and deliver a formal release.

The next clause is clear and explicit. " And they [the credit-ors] do hereby, for themselves severally and respectively, and for their several and respective executors, administrators, partners and assignees, accept said property and covenants in full satis-faction and discharge of all such their respective debts and de-mands against said parties of the first part, as are not other-wise secured."

Taking these stipulations together, on both sides, we are of opinion, that they are not mutual and dependent, but that,

though mutual, they are absolute, unconditional and independent. The creditors seem content to rely upon what was then done, and what the debtors stipulated with the assignees and trustees that they would do, as a full satisfaction and discharge.

There is a subsequent clause in the indenture, that it is understood by the parties that the non-performance by the debtors of any of their covenants, saving those that relate to the conveyance of their property, shall not operate as the breach of any condition, by which the debtors shall forfeit their rights under this agreement, and that such non-performance shall not prevent this release from becoming operative and effectual.

It appears by the instrument itself, that all the real estate contemplated to be conveyed was embraced in deeds executed simultaneously with the indenture, and all the personal estate passed by force of the instrument itself; and therefore there was no condition, express or raised by implication, to prevent the discharge from being absolute. If the debtors have failed to perform any of their executory stipulations, against incumbrances, or for further assurance or otherwise, the remedy of the creditors is to be sought in an action on the covenants, to be brought by the trustees for their use.

The court are therefore of opinion, that the accord and satisfaction effected by the indenture, to wit, the agreement to receive and accept certain property and covenants in full satisfaction and discharge of these notes and other debts, then existing, is a good legal defence and bar to this action.

*Judgment for the defendants.*

*C. M. Ellis,* for the plaintiffs.
*W. E. Parmenter,* for the defendants.